**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

NMA:AH/JK
F.#2008R00052

April 18, 2012

**BY ECF & HAND DELIVERY**

The Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Conrad Ianniello, et al.
Criminal Docket No. 12-264 (NGG)

Dear Judge Go:

The government respectfully submits this letter in support of its position regarding the pretrial release of the defendants Conrad Ianniello, James Bernardone, Ryan Ellis, Paul Gasparrini, Rodney Johnson, William Panzera, Robert Scalza, John Squitieri and Salvester Zarzana.[1] As described below, all of these defendants face serious charges as a result of their participation in various crimes as described more fully below.[2] Accordingly, they should only be released upon substantial

---

[1] Defendants Felice Masullo and Robert Fiorello are currently incarcerated on other charges. The government has filed writs requesting that the United States Marshals Service produce both defendants for arraignment expeditiously.

[2] The proffer of facts set forth herein does not purport to provide a complete statement of all facts and evidence of which the government is aware or that it will seek to introduce at trial. It is well-settled law that the government may proceed by proffer at a bail hearing. United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995), citing United States v. Salerno, 481 U.S. 739, 743 (1987).

appearance bonds, secured by property, co-signed by financially responsible persons and with conditions as set forth below.

I. <u>The Investigation and Indictment</u>

This case is a result of a multi-year investigation conducted by the Federal Bureau of Investigation and the United States Department of Labor. The investigation has gathered wide-ranging and detailed evidence as a result of court authorized wiretaps of several telephones used by the defendants and others, as well as interviews of both cooperating and civilian witnesses and the collection of various records, including bank records.

On April 12, 2012, a grand jury sitting in the Eastern District of New York returned a sealed indictment ("Indictment") charging eleven defendants, including several members and associates in the Genovese organized crime family of La Cosa Nostra (the "Genovese crime family"), variously with racketeering conspiracy, extortion, illegal gambling, union embezzlement and obstruction of justice.

Count One of the Indictment alleges that, between August 2006 and February 2009, defendants Conrad Ianniello, James Bernardone, Ryan Ellis, Paul Gasparrini and Robert Scalza, being persons employed by and associated with the Genovese crime family, conspired to conduct and participate in the conduct and affairs of the Genovese crime family through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(d). The Indictment alleges that Ianniello is a captain in the Genovese crime family and Bernardone, the Secretary Treasurer of Local 124 of the International Union of Journeymen and Allied Trades ("IUJAT"), is a soldier in the Genovese crime family. The Indictment further alleges that Ellis, Gasparrini and Scalza, the Secretary Treasurer of IUJAT Local 713, are all associates in the Genovese crime family.

The Indictment includes allegations of eight predicate acts of racketeering, many of which are also charged as substantive counts in the Indictment. Racketeering Acts One, Two and Eight allege that Bernardone and Gasparrini conspired to extort a subcontractor related to work performed at three separate construction sites in Manhattan, Queens and Brooklyn from approximately 2006 to 2009. Gasparrini is also named in Racketeering Act Three, which alleges a similar extortion of a subcontractor related to construction work performed at a Hampton Inn located in Queens, New York.

Racketeering Act Four alleges that Ianniello and Ellis operated an illegal gambling business involving bookmaking between April 2008 and July 2008. Rackeetering Act Five alleges that Ianniello, Scalza and Ellis conspired to extort a labor union between April 2008 and May 2008 in order to induce that labor union to cease its efforts to organize workers of a company located in Long Island. Based on their threats, the defendants hoped to pave the way for Scalza's union, IUJAT Local 713, to unionize the company instead. Racketeering Act Six alleges that Ianniello and Scalza conspired to extort an additional victim in 2008. Finally, Ianniello is also named in Racketeering Act Seven, which alleges conspiracy to extort vendors at the annual Feast of San Gennaro held in the Little Italy section of Manhattan in 2008.

Defendants Salvester Zarzana, William Panzera, Robert Fiorello, Rodney Johnson, Felice Masullo and John Squitieri are charged in various substantive counts in the Indictment. Zarzana, the former President of Local 926 of the United Brotherhood of Carpenters and Joiners and a soldier in the Genovese crime family, is charged in Counts Four and Five along with Gasparrini and Bernardone with extortion conspiracy and extortion related to one of the construction sites referenced above, in violation of Title 18, United States Code, Section 1951(a). Squitieri is charged in Count Eight with embezzling money in 2008 from employee pension and annuity funds of Local 7 - Tile, Marble and Terrazzo of the Bricklayers and Allied Craftworkers Union ("Local 7"), in violation of Title 18, United States Code, Section 664. In connection with his commission of this crime, Squitieri provided non-union laborers to perform tile-related work during a renovation at the Paramount Hotel in Manhattan in 2008. By purposely failing to use union laborers, Squitieri and others avoided paying into Local 7's employee pension benefit plans. Counts Nine and Ten charge Fiorello and Panzera with extortion in connection with their involvement in an extortionate collection of credit in 2008, in violation of Title 18, United States Code, Section 894(a)(1). Panzera, an associate of the Genovese crime family, is also charged in Count Eleven with conspiring to conduct and participate in the affairs of the Genovese crime family through the collection of an unlawful debt from the same victim named in Counts Nine and Ten, in violation of Title 18, United States Code, Section 1962(d). Johnson, a project manager at the Paramount Hotel renovation, is charged in Counts Fifteen and Sixteen with obstruction of justice conspiracy and attempted obstruction of justice in connection with his efforts to impede the federal grand jury investigation that

ultimately resulted in the charges brought in the Indictment, in violation of Title 18, United States Code, Sections 1512(c)(2) and (k).

II. Bail Determination

Under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., federal courts are empowered to release a defendant upon conditions pending trial where "release [upon personal recognizance or unsecured appearance bond] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." See 18 U.S.C. § 3142(c). The Bail Reform Act lists several factors to be considered in the bail analysis, including (1) the nature and circumstances of the crimes charged, (2) the history and characteristics of the defendant, and (3) the evidence of the defendant's guilt. See 18 U.S.C. § 3142(g). Based upon these factors, the government respectfully requests that the Court only release the defendants upon an appearance bond in a substantial amount, secured by property, co-signed by financially responsible persons and with conditions including, among others, the following: (1) a travel restriction; (2) the surrender to the United States Pretrial Services Agency ("Pretrial") of any and all passports; (3) supervision by Pretrial, including random home/place of work visits and regular reporting; and (4) the surrender of any firearms, destructive devices or other dangerous weapons.

A. The Nature and Circumstances of the Crimes Charged

As set forth above, the crimes charged involve racketeering, extortion, illegal gambling and obstruction of justice, several of which constitute crimes of violence. Moreover, many of the defendants – Ianniello, Bernardone, Ellis, Gasparrini, Scalza, Panzera and Zarzana – are either made members or associates in the Genovese crime family, a criminal enterprise whose principal purpose is to generate money for its members and associates through criminal activity. In addition, three of the defendants, James Bernardone, Robert Scalza and Salvester Zarzana, held union leadership positions that they abused in connection with the commission of the offenses with which they are charged.

B. The History and Characteristics of the Defendants

A criminal history inquiry with the Federal Bureau of Investigation National Crime Information Center indicates the following with respect to Ianneillo, Gasparrini, Ellis, Bernardone, Panzera, Johnson, Scalza, Squitieri and Zarzana.

1. Defendant Ianniello

Ianniello was convicted on October 20, 1986 of criminal possession of a controlled substance in the second degree in violation of New York Penal Law § 220.18, a felony, and possession of a weapon in the first degree, in violation of New York Penal Law § 265.01, a misdemeanor, and was sentenced to an indeterminate term of imprisonment from 100 months to life. On November 14, 1972, Ianniello was convicted of grand larceny in the third degree, in violation of New York Penal Law § 155.30, a felony, and was sentenced to five years' probation.

Ianniello's position as a Genovese crime family captain situates him differently from his co-defendants. The government will establish Ianniello's association with, and position of authority in, the Genovese crime family through a variety of sources, including the testimony of cooperating witnesses, consensual and wiretap recordings and surveillance evidence. Courts in this circuit routinely detain high-ranking members of organized crime based on their leadership roles in violent criminal enterprises and the fact that they have scores of made members and associates at their disposal to commit acts of violence on command. See, e.g., United States v. Ciccone, 312 F.3d 535, 542 (2d Cir. 2002) ("Indeed, we made it quite clear in United States v. Colombo, 777 F.2d 96, 98 (2d Cir. 1985), that the [Bail Reform Act] 'does not require that the defendant himself commit acts of physical violence as a condition precedent to a detention order.'"). Ianniello's position in the Genovese crime family thus gives him the authority and resources to continue his criminal activities and to order and accomplish acts of violence against potential witnesses or any person he perceives as a threat. While the government does not take the position in this case that no combination of conditions will adequately assure the safety of the community, it will only agree to Ianniello's release upon the imposition of a bond of the type described above and with the additional conditions of home detention and electronic monitoring.

2. Defendants Gasparrini, Ellis, Bernardone, Panzera, Johnson, Scalza, Squitieri and Zarzana

Gasparrini was convicted on April 24, 2002 of attempted robbery in the first degree, in violation of New York Penal Law § 160.15, a violent felony, and was sentenced to a term of 42 months' imprisonment.[3]

Ellis was convicted on March 26, 2008 of disorderly conduct, in violation of New York Penal Law § 240.21, a violation, and was sentenced to conditional discharge. On June 2, 2006, Ellis was convicted of disorderly conduct, in violation of New York Penal Law § 240.20(7), a violation, and was sentenced to conditional disharge.

Bernardone was convicted on January 9, 2007 of driving while intoxicated, in violation of New York Vehicle and Traffic Law § 1192(03), a misdemeanor, and was sentenced to conditional discharge. Bernardone was similarly convicted of driving while impaired, in violation of New York Vehicle and Traffic Law § 1192(01), an infraction, on February 10, 2003, for which he was subject to a fine and 90-day suspension of license.

Panzera was convicted of criminal mischief, in violation of New Jersey Statute 2C:17-3, and assault on police, in violation of New Jersey Statute 2C:12-1B(5)(A), on May 18, 1994. On September 17, 2003, Panzera was convicted of resisting arrest, in violation of New Jersey Statute 2C:29-2A(1). On September 21, 2011, Panzera was convicted of theft by deception, in violation of New Jersey Statute 2C:20-4A. The sentences imposed for these offenses is not known.

The government is unaware of any criminal record for Johnson, Scalza, Squitieri or Zarzana.

C. The Evidence of the Defendants' Guilt

As set forth above, the evidence of the defendants' guilt is strong. In fact, the vast majority of the charges in the Indictment will be proved by wiretap interceptions and

---

[3] A person is guilty of New York Penal Law § 160.15 when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime causes serious physical injury to another person.

consensual recordings of the defendants themselves discussing the commission of the crimes for which they are charged.[4]

For instance, the following conversations were recorded on April 17, 2008 with respect to the charges against Ianniello, Ellis and Scalza concerning their conspiracy to extort a labor union in order to induce that union to cease its efforts to organize workers of a Long Island company (the "Long Island company"). In the following intercepted conversations, Ianniello thanks Ellis for delivering the message to the union not to organize the Long Island company:

IANNIELLO: Thank you.

ELLIS: You're welcome.

IANNIELLO: You got his fucking attention. He called me.

ELLIS: (Laughing).

IANNIELLO: He says they got nasty. This and that. His wife was there. I says, "Listen, I got your fucking," just like that, I said, "I got your fucking attention now, don't I?"

* * * *

IANNIELLO: I forgot to ask you one thing. When you went there, did you ever mention my name?

ELLIS: Never.

IANNIELLO: Never. Alright.

ELLIS: Of course not.

---

[4] The government hereby provides notice to the defendants pursuant to 18 U.S.C. § 2518(9) of its intent to rely on wiretap interceptions at the detention hearing in this case. In order to preserve the integrity and confidentiality of the government's investigation, notice of the wiretap interceptions to the defendants prior to their arrests was not feasible. The excerpts included in this letter from wiretap intercepts are in draft form and are subject to revision.

IANNIELLO: No, I'm saying, you just told them that.

ELLIS: Yeah. He knew, he knew, he understood where I was coming from.

IANNIELLO: That's what I'm saying, 'cause he knew.

* * * *

IANNIELLO: You know with that, but he's telling me, "Oh, they got nasty. His wife was there."

ELLIS: "Nasty" (laughing)! The kid was stuttering like a little bitch.

IANNIELLO: Oh.

ELLIS: (Imitating stuttering). "Okay, I says okay."

* * * *

ELLIS: I think his son might have pissed himself.

Approximately one month later, on May 23, 2008, Scalza and Ianniello discussed the success of the efforts to stop the labor union from organizing the Long Island company and the ability of Scalza's union, IUJAT Local 713, to organize the Long Island company instead.

SCALZA: Anything new with that [Long Island] company?

IANNIELLO: Ah, that's gonna be resolved this week too.

SCALZA: Good.

IANNIELLO: Because uh, he called me before, the guy from the [Long Island] company, not the guy, it was the other guy.

SCALZA: Yeah.

IANNIELLO: Ah, and he wanted to know and I asked him what happened and he said that it's being

taken care of, don't worry. It's gonna be taken care of. And I said, "Because otherwise I gotta bring my other guy there, that simple." If it goes that way, it's going out in your field.

HASHO: Okay. Alright.

IANNIELLO: I mean, that's an understanding.

* * * *

IANNIELLO: If everybody's gonna do it, I said that from day one, at the table, I says, "Ya know, alright, he's backing up." Well, if anybody's going there, it's gonna be you.

SCALZA: Right.

Similarly, with respect to the construction site extortions, consensual recordings made by a cooperating witness of conversations with Bernardone, Gasparrini and Zarzana clearly evidence these individuals' involvement in those extortions. For example, Bernardone and Gasparrini were recorded discussing the collection of money from these construction sites and their willingness to pressure individuals for payments.

In addition to wiretap and consensual recordings, the government anticipates presenting as evidence at trial bank records, the testimony of multiple cooperating and lay witnesses, union records and surveillance photographs. In short the evidence of the defendants' guilt is strong.

IV. Conclusion

The defendants are charged with committing serious federal crimes, including, variously, racketeering conspiracy, extortion, illegal gambling, union embezzlement and obstruction of justice. The evidence against the defendants is strong and, if convicted at trial, each faces a significant term of incarceration. For these and the other reasons set forth above, in order to reasonably assure the appearance of the defendants as required and to protect the safety of the community, the government respectfully requests that the Court release the defendants only upon an appearance bond in a substantial amount,

secured by property, co-signed by financially responsible persons and with conditions as set forth above.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Amanda Hector
Jacquelyn Kasulis
Assistant U.S. Attorneys
(718) 254-6212/6103

cc: Counsel for Defendants (by hand)
Clerk of Court (by ECF)