**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA:JMK
F. #2008R00052

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 5, 2013

By Hand and ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Conrad Ianniello, et al.
Criminal Docket No. 12-264 (NGG)

Dear Judge Garaufis:

The government respectfully submits this letter in response to the November 29, 2013 request by a member of the media for disclosure of plea agreements in the above-captioned matter.[1] For the reasons set forth below, the government does not object to the disclosure of the agreements to members of the media.

Under the common law, the public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Similarly, under the First Amendment, the public has a "qualified . . . right to attend judicial proceedings and to access certain judicial documents." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 91 (2d Cir. 2004); see also Press-Enterprise Co. v. Superior Court of Cal., 478 U.S. 1, 9 (1986). According to the Second Circuit, "[t]ransparency is pivotal to public perception of the judiciary's legitimacy and independence," though it "must at times yield to more compelling interests." United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

[1] As the Court is aware, defendants Conrad Ianniello, James Bernardone, Ryan Ellis, Robert Fiorello, Paul Gasparrini, Felice Masullo, William Panzera, John Squitieri and Salvester Zarzana have entered into guilty pleas in this matter, pursuant to written agreements with the government. An executed copy of each defendant's agreement was marked as a court exhibit at the time each defendant entered into his guilty plea, and the government has retained copies of those agreements.

In United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988), the Second Circuit held that there was a qualified First Amendment right of access to plea agreements. In the instant matter, the plea was taken on the record in open court, and neither the plea colloquy nor the plea agreement itself has been ordered sealed by the Court.

For the foregoing reasons, the government respectfully advises the Court that, absent any objection from the defendants, the government does not object to the disclosure of the plea agreements to the media as requested.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/Jacquelyn M. Kasulis
Jacquelyn M. Kasulis
Amanda Hector
Assistant U.S. Attorneys
(718) 254-6103/6212

cc: All Defense Counsel (by ECF)
Jerry Capeci
P.O. Box 863
Long Beach, New York 11561
(by U.S. Mail)